THE NATURITA CANAL & RESERVOIR COMPANY ET AL. V. THE PEOPLE EX REL. MEENAN.

30 407
35 378

**Contempt—Appellate Practice—Jurisdiction of Supreme Court.**

The supreme court has no jurisdiction to review the judgment of the district court imposing a penalty for a contempt of court civil in character, unless some question is involved such as is required to give the supreme court jurisdiction in other civil actions.

*Error to the District Court of San Miguel County.*

Mr. H. M. HOGG, for plaintiff in error.

Mr. M. B. GERRY and Mr. W. H. TRIPP, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is a writ of error to a judgment of a district court imposing a penalty for a contempt of court purely civil in character. The settled doctrine in this state is that a writ of error is the proper method of procedure for investigating contempts. *Wyatt v. The People,* 17 Colo., 252. Appellate jurisdiction in civil actions is now governed by the court of appeals act passed in 1891, except as to writs of error from the supreme to the county court. According to its provisions, no writ of error from, or appeal to, the supreme court will lie unless the final judgment sought to be reviewed exceeds $2,500, or in replevin the value found exceeds that sum, or where the matter in dispute involves a franchise or a freehold, or where a provision of the federal or state constitution is fairly debatable and is necessary to a determination of the case.

Of the contempt cases reviewed on writ of error by this court, all occurred, and were under statutes

regulating reviews in force, prior to the passage of that act, except *Bloom v. The People*, 23 Colo., 416, and *Shore v. The People*, 26 Colo., 484, 516. In the former a criminal contempt was involved which properly invoked the jurisdiction of the court. In the latter its power to hear the cause was not questioned by counsel of either party, and they apparently conceded it, hence the court proceeded to its determination as though such jurisdiction existed. It seems from the record in the Shore case that one contention was that plaintiff in error had been deprived of his liberty and property without due process of law, which was ruled against him, and probably this court thought such question required it to act. However that may be, we are of opinion that, under the statute now and then governing, jurisdiction was therein improperly assumed, unless it be that the constitutional question invoked it. Certainly the opinion does not sufficiently disclose the necessary jurisdictional question.

In the case in hand the errors assigned and argued merely go to the insufficiency of the evidence to sustain the finding that a contempt was committed. No claim is made that any of the statutory requirements above referred to has been met. The contempt is civil. Doubtless plaintiffs in error sued out their writ on the strength of the *Shore case*, which, if judged solely by what appears in the opinion, would warrant such reliance. The action of this court therein was wrong unless, as already stated, the constitutional question was present. We avail ourselves of this, the first, opportunity we have had after the opinion in that case was published to announce for this court in reviewing civil contempts the same rule that applies to its review, by writ of error, of other final judgments in civil actions. Although, when the necessary jurisdictional fact appears, the supreme court may, by a writ of error, review final judgments

in civil contempt proceedings, under the court of appeals act, still it may not do so unless there is involved some one or more of those essential elements which that act says must be present to give it such jurisdiction to review any final judgment. Whether, by the amendments to sections 328, 329 and 334 of the code of civil procedure, passed by the thirteenth general assembly (Session Laws 1901, p. 93), the jurisdiction of the supreme court to review judgments in contempt proceedings is, in any respect, different from what it is under the court of appeals act, we need not here determine; for this contempt was committed before these amendments were in force, and the writ was pending in the court when the act took effect, and so was within its saving clause.

The writ of error is dismissed for want of jurisdiction.

*Writ of Error Dismissed.*